IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REINALDO LASANTA,** | CIVIL NO. 1:12-0668 |
| **Plaintiff** | |
| v. | **(Judge Rambo)** |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | **(Magistrate Judge Carlson)** |
| **Defendant** | |

## **MEMORANDUM**

Before the court is a report and recommendation of the magistrate judge to whom this matter was referred. The magistrate judge recommends that the finding of the administrative law judge ("ALJ"), that the Plaintiff was not fully disabled, should be affirmed as the decision was amply supported by the record. Plaintiff Lasanta filed objections to the report and recommendation to which Defendant responded. No reply brief was filed. The matter is ripe for disposition.

Lasanta's basic argument is two-fold: (1) the ALJ failed to fully consider the vocational expert's non-committal response as to whether the jobs she identified could be performed if the person's leg is propped slightly higher than waist level; and (2) the ALJ failed to resolve a material conflict between the vocational expert's testimony and the standards prescribed by the Dictionary of Occupational Titles. Based on these alleged errors, Plaintiff requests a remand.

The ALJ found that Plaintiff was capable of a limited range of sedentary work and posed a hypothetical question to the vocational expert which gave Plaintiff's age, education, vocational background, and limited to less than full range of sedentary work. The vocational expert identified the following occupations that Plaintiff could perform, i.e., security system monitor, receptionist/information clerk, table worker,

quality control. Plaintiff testified that in order to relieve his pain, the would sometimes massage and prop up his leg. (TR at p. 49.) Based on this, the vocational expert was asked whether "outside of the normal breaks during an eight hour day, would there be any accommodation for the individual to prop their leg up to slightly higher than waist high?" The vocational expert answered that

> [t]he security system monitor and the greeter position, of course with the security system monitor I've seen people that have laid back in the chair, put their feet up on the desk and watching the screen. I mean I'm just saying that I've seen that. The greeter position you can prop you leg up behind the counter if your – at the time you choose to sit. The table worker, quality control, because it's at a table or a chest-high table and you usually have a – not a chair, like a stool. So there's a stool ring on it. So people – I've seen people put their feet up on other people's stools. So it can be maybe accommodated. So I would say that all three of those jobs would still be able to do that.

(TR. 80-81.)

The vocational expert testified that the leg propping requirement could "maybe' be accommodated in the table worker and quality control occupation, and the vocational expert reduced the available job numbers for that occupation. (TR. 81.) The vocational expert did not testify that the security monitor or greeter positions would be reduced by the leg-propping limitation. The vocational expert's use of the word "maybe" respecting accommodation in the table worker, quality control occupation is not sufficient to undermine all of the vocational expert's testimony concerning other sedentary work in the economy. The alleged discrepancies were thoroughly explored by the ALJ in the decision and found that the medical evidence strongly supported the finding that Plaintiff had the capacity to work and that jobs existed in the national economy that he could fill.

Furthermore, the argument that the vocational expert's testimony is inconsistent with the Dictionary of Occupational Titles and requires remand is without

2

foundation. Minor discrepancies may exist between the vocational testimony and the Dictionary of Occupational Titles information. "Vocational expert testimony [may] provide substantial evidence for the ALJ's conclusions." *Rutherford v. Barnhart*, 399 f.3d 546, 588 (3d Cir. 2005).

The record reflects that the ALJ properly found that the medical records (history) did not sustain a finding of permanent disability and that jobs existed in the national economy that plaintiff could fill, and gave adequate consideration for the vocational expert's testimony. An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated: October 16, 2013.